## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JUSTIN MORRIS,

       Plaintiff,

                                          **Civil Action 2:19-cv-01339**
                                          **Judge Sarah D. Morrison**
     **v.**                              **Chief Magistrate Judge Elizabeth P. Deavers**

MICHAEL SHAW, *et al.*,

       Defendants.

### REPORT AND RECOMMENDATION

On June 21, 2019, the Court issued a Show Cause Order directing Plaintiff to show cause why the claims against Defendant Centers for Medicare and Medicaid Services should not be dismissed for failure to prosecute.  (ECF No. 19.)  Plaintiff did not respond to the Show Cause Order.  For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Centers for Medicare and Medicaid Services **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

Plaintiff filed his Complaint on April 10, 2019, naming three Defendants.  (ECF No. 1.) The docket reflects that Plaintiff effected service of process on Defendant Centers for Medicare and Medicaid Services on April 22, 2019, and that this Defendant's response to the Complaint was due May 6, 2017.  (ECF No. 8.)  To date, Defendant Centers for Medicare and Medicaid Services has not filed an answer or other responsive pleading.

Because Plaintiff did not apply for and obtain an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a) against Defendant Centers for Medicare and Medicaid Services, on June 21, 2019, the Court ordered Plaintiff to show cause within fourteen (14) days why his claims against this Defendant should not be dismissed for failure to prosecute unless he has applied for an entry of default from the Clerk. (ECF No. 19.) Plaintiff's deadline to respond to the Show Cause Order was July 5, 2019. To date, Plaintiff has not applied for an entry of default or otherwise responded to the Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's claims against Defendant Centers for Medicare and Medicaid Services without prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

## III.

Here, the record demonstrates such delay. After Defendant Centers for Medicare and Medicaid Services failed to timely respond to the Complaint and Plaintiff did not apply for an entry of default from the Clerk, the Court ordered Plaintiff to show cause why his claims against this Defendant should not be dismissed for want of prosecution. This Show Cause Order provided Plaintiff with adequate notice of the Court's intention to dismiss these claims for failure to prosecute and supplied Plaintiff with a reasonable period of time to respond or to apply for entry of default. Nevertheless, Plaintiff has continually failed to apply for entry of default and has wholly failed to respond to the Show Cause Order. Because Plaintiff has missed deadlines and disregarded a Court Order, the Undersigned concludes that no alternative would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against Defendant Centers for Medicare and Medicaid Services **WITHOUT PREJUDICE** under Rule 41(b).

## IV.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.
Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: July 9, 2019                              */s/ Elizabeth A. Preston Deavers*
                                               **ELIZABETH A. PRESTON DEAVERS**
                                               **CHIEF UNITED STATES MAGISTRATE JUDGE**