# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Justin Morris,**

    **Plaintiff,**    Case No. 2:19-cv-1339

 **-v.**         **Judge Sarah D. Morrison**
            **Chief Magistrate Judge Elizabeth P. Deavers**

**Michael Shaw, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Decline to Exercise Supplemental Jurisdiction. (ECF No. 27.) Plaintiff has not filed a response, and the time to do so has since passed. This matter is now ripe for consideration.

## I. BACKGROUND

On April 10, 2019, Plaintiff Justin Morris filed a complaint against Defendants Michael Shaw, Ohio Mutual Insurance Group, and the Centers for Medicare and Medicaid Services ("CMS"). (ECF No. 1.) The Complaint alleges that Mr. Shaw negligently caused a car accident involving Mr. Morris. (*Id.*) The Complaint alleges that this Court has jurisdiction because "Medicare's claim arises under the Medicare Act, a federal claim" and because, pursuant to 28 U.S.C. § 1442, CMS is an agency of the United States. (*Id.* ¶ 9.)

On July 30, 2019, the Court dismissed Mr. Morris's claim against CMS for failure to prosecute. (ECF No. 26.) The remaining defendants have filed a motion requesting that this Court decline to exercise supplemental jurisdiction. Because an exercise of supplemental jurisdiction requires the Court to have had subject matter jurisdiction in the first place, *see* 28

U.S.C. § 1367, this Court must consider whether such jurisdiction ever existed. As a result, this Court examines whether it had jurisdiction at the time this action was initially filed, when CMS was a defendant.

## II. SUBJECT MATTER JURISDICTION

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

### A. Jurisdiction under § 1331

Mr. Morris does not clearly assert federal question jurisdiction under 28 U.S.C. § 1331. However, he does allege that CMS has a claim "aris[ing] under" federal law. (ECF No. 1, ¶ 9.) The Court construes this as an attempt to invoke this Court's federal question jurisdiction (i.e., "arising under" jurisdiction) pursuant to Section 1331.

"[W]hen a plaintiff's complaint raises garden-variety tort claims, 'the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.'" *Mays v. City of Flint*, 871 F.3d 437, 449 (6th Cir. 2017) (alteration in original) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986)). Mr. Morris raises a garden-variety tort claim—a negligence claim—involving a collateral federal issue, that Medicare has paid some of his medical bills. It is indisputable that Mr. Morris has not raised a federal cause of action. At best, Mr. Morris's invocation of Medicare would have been relevant to any defense CMS might have brought. This is insufficient for federal jurisdiction. *Merrell Dow*, 478 U.S. at 808.

### B.     Jurisdiction under § 1442

Mr. Morris more acutely invokes 28 U.S.C. § 1442 as a basis for jurisdiction. (ECF No. 1, ¶ 9.) Pursuant to Section 1442(a)(1), a federal agency sued in state court has the right to remove the action to federal court. However, this is a removal statute, not a statute governing original jurisdiction. *See Wood v. Crane Co.*, 764 F.3d 316, 324 (4th Cir. 2014) ("[Section 1442(a)] does not enlarge the original jurisdiction of the district courts." (internal quotation marks omitted)). "Section 1442(a) . . . cannot independently support Art. III 'arising under' jurisdiction." *Mesa v. California*, 489 U.S. 121, 136 (1989). As a result, Mr. Morris cannot rely on this statute as a basis for federal jurisdiction either.

## III.     CONCLUSION

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction in this action. Accordingly, the case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**